UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSMAN NURI OZSUSAMLAR,<br><br>    Petitioner,<br><br>    v.<br><br>MIGUEL CHAVEZ, et al.,<br><br>    Respondents. | Case No.: 1:12-cv-02052-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER REQUIRING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE TO CASE |

    Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The instant petition was filed on December 18, 2012, challenging Petitioner's prison conditions. (Doc. 1).

    The petition indicates that on September 17, 2007, Petitioner was convicted in the United States District Court for the Southern District of New York, of violating 18 U.S.C. § 1951 (murder for hire), 18 U.S.C. § 1951(b) (conspiracy to commit murder for hire), and 18 U.S.C. § 1951 (conspiracy extortion). (Doc. 1, p. 2). Petitioner was sentenced to a prison term of 188 months. (Id.).

    Petitioner now brings this habeas petition, alleging that prison officials are discriminating against him on the basis of race and religion in refusing to pay him proper amounts for his prison work, exclusion from an ESL class, refusal to allow Petitioner to copy legal cases, denial of prayer time in class, as well as engaging in practices that amount to a campaign of harassment and

1

1  punishment. (Doc. 1, pp. 4-6). From the foregoing, it is apparent that Petitioner does not challenge
2  the fact or duration of his confinement, but rather, the conditions of his confinement. Indeed, on the
3  front page of the form petition, Petitioner acknowledges this by checking the box indicating that his
4  petition concerns "jail or prison conditions." (Id., p. 1).
5        Petitioner is advised that a civil rights action, not a habeas corpus proceeding, is the proper
6  mechanism for a prisoner seeking to challenge the conditions of his confinement. See Bivens v. Six
7  Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971). This
8  Court has repeatedly followed this position. E.g., Lugo v. Gill, 2012 WL 5499864 *2 (E.D. Cal. Nov.
9  13, 2012)(failure of prison staff to return papers to prisoner should be brought as Bivens action);
10 Torrez v. Mims, 2012 WL 4674439 *3 (E.D. Cal. Oct. 3, 2012)(conditions of confinement claims
11 must be brought under Bivens, not habeas corpus); Dyson v. Ross, 2010 WL 3516358 *3 (E.D. Cal.
12 Sept. 2, 2010)(claim challenging placement in special management housing unit dismissed for lack of
13 habeas jurisdiction); Burnette v. Smith, 2009 WL 667199 at *1 (E. D. Cal. Mar. 13, 2009)(petitioner's
14 confinement in segregated unit for security purposes and prison's refusal to transfer petitioner should
15 be raised as Bivens action, not as § 2241 habeas action); Nostratis v. Sugrue, 2009 WL 462732 at *1
16 (E.D. Cal. Feb. 23, 2009)(petitioner's claim that he should be transferred to another facility should be
17 raised in Bivens action, not a § 2241 habeas proceeding); Christian v. Deboo, 2007 WL 470587 at *1
18 (E.D. Cal. Feb. 9, 2007)(petitioner's claim that prison had refused to transfer him to another facility
19 should be brought as Bivens action, not § 2241 proceeding); Evans v. U.S. Pentitentiary, 2007 WL
20 4212339 at *1 (E.D. Cal. Nov. 27, 2007)(petitioner is not entitled to habeas relief under § 2241
21 because his claims regarding a recent transfer and inadequate medical care concern conditions of his
22 confinement); Blow v. Bureau of Prisons, 2007 WL 2403561 at *1 (E.D. Cal. Aug. 20, 2007)(habeas
23 relief under § 2241 does not extend to petitioner's requests for transfer to another facility and access to
24 law library because they concern conditions of his confinement); Wilson v. Wrigley, 2007 WL
25 1378024 at *2 (E.D. Cal. May 10, 2007)(petitioner is not entitled to habeas corpus relief under § 2241
26 because his request to be transferred to another institution does not impact the duration of his
27 confinement).
28       Such district court decisions are also consistent with case law from the Ninth Circuit and other

circuit courts of appeals.  See e.g., Crawford v. Bell, 599 F.2d 890, 891-892 (9th Cir. 1979)(upholding dismissal of petition challenging conditions of confinement, the Ninth Circuit noted that "the writ of habeas corpus is limited to attacks upon the legality or duration of confinement."); Blum v. Floyd, 1997 WL 599370 at *1 (Sept. 22, 1997 9th Cir. Ariz.)(petitioner's claim of retaliatory transfer by prison officials is properly brought under Bivens rather than § 2241); Glaus v. Anderson, 408 F.3d 382, 387-388 (7th Cir. 2005)(following U.S. Supreme Court holding in Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995), that restrictions on housing or movement within prison are generally not cognizable in habeas unless they impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life);  Boyce v. Ashcroft, 251 F.3d 911, 914 (10th Cir. 2001), *vacated on other grounds* by Boyce v. Ashcroft, 268 F.3d 953 (10th Cir. 2001)("[P]risoners who want to challenge their convictions, sentences or administrative actions which revoke good-time credits, or who want to invoke other sentence-shortening procedures, must petition for a writ of habeas corpus;" however those "who raise constitutional challenges to other prison decisions-including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, e.g., conditions of confinement, must proceed under Section 1983 or Bivens."); Greenhill v. Lappin, 326 Fed. Appx. 757 (9th Cir. 2010)(claim of mishandling of mail should be brought as civil rights claim under Bivens, not habeas corpus).  Accordingly, Petitioner is not entitled to habeas corpus relief under § 2241 and this action should be dismissed without prejudice to Petitioner filing a Bivens civil rights action.

**ORDER**

The Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendations is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty (20) days after being served with a copy of this Findings and Recommendations, any party may file

3

written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 4, 2013**                             /s/ Jennifer L. Thurston
                                                                UNITED STATES MAGISTRATE JUDGE