1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11    OSMAN NURI OZSUSAMLAR,      )  Case No.: 1:12-cv-02052- AWI -JLT (HC)

12           Petitioner,           )  ORDER DENYING PETITIONER'S MOTION TO CONTINUE CASE (Doc. 9)

13           v.                )

14    MIGUEL CHAVEZ, et al.,       )  ORDER DISREGARDING MOTION TO PROCEED IN FORMA PAUPERIS

15           Respondents.      )

16                                        )

17                                        )

18                                        )

19                                        )

20         Petitioner was a federal prisoner proceeding in propria persona with a petition for writ of

21   habeas corpus pursuant to 28 U.S.C. § 2241.  The instant petition was filed on December 18, 2012,

22   challenging Petitioner's prison conditions.  (Doc. 1).

23                            **PROCEDURAL HISTORY**

24         The petition indicated that on September 17, 2007, Petitioner was convicted in the United

25   States District Court for the Southern District of New York, of violating 18 U.S.C. § 1951 (murder for

26   hire), 18 U.S.C. § 1951(b) (conspiracy to commit murder for hire), and 18 U.S.C. § 1951 (conspiracy

27   to commit extortion).  (Doc. 1, p. 2).   Petitioner was sentenced to a prison term of 188 months.  (Id.).

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Petitioner then brought a federal habeas petition, alleging that prison officials were discriminating against him on the basis of race and religion in refusing to pay him proper amounts for his prison work, exclusion from an ESL class, refusal to allow Petitioner to copy legal cases, denial of prayer time in class, as well as engaging in practices that amount to a campaign of harassment and punishment.  (Doc. 1, pp. 4-6).  From the foregoing, it was apparent to the Court that Petitioner was not challenging the execution of his sentence, but was instead challenging the conditions of his confinement.  Indeed, on the front page of the form petition, Petitioner acknowledged this by checking the box indicating that his petition concerns "jail or prison conditions."  (Id., p. 1).

On January 4, 2013, the Court issued Findings and Recommendations to dismiss the petition as being outside the Court's federal habeas jurisdiction.  (Doc. 5).  In that order, Petitioner was advised that a civil rights action, not a habeas corpus proceeding, was the proper mechanism for a prisoner seeking to challenge the conditions of his confinement.  See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971).  On February 11, 2013, the District Judge adopted the Magistrate Judge's Findings and Recommendations, entered judgment, and closed the case.  (Docs.7 & 8).

On March 7, 2013, Petitioner filed the instant motion to continue this case, along with a motion to proceed in forma pauperis.  (Docs. 9 & 10).  As part of his brief motion, Petitioner asks that the Court reopen the case, indicates that he is from Turkey and has only a limited command of English, and that he is seeking restoration of his prison job, English language classes, and back pay of approximately $620.  (Doc. 9, p. 2).  Petitioner repeats his allegations of ethnic and religious discrimination as the reasons why he lost his prison job.  (Id., p. 1).

## DISCUSSION

Because this case has been closed and judgment entered since February 11, 2013, the Court construes Petitioner's motion to continue the case as a motion for reconsideration.  Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason

2

justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Petitioner has failed to meet any of the requirements for granting a motion for reconsideration: He has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has certainly not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, Petitioner has not presented any other reasons justifying relief from judgment. Moreover, pursuant to the Court's Local Rules, Petitioner has not shown "new or different facts or circumstances claimed to exist *which did not exist or were not shown upon such prior motion*, or what other grounds exist for the motion." Local Rule 230(j). (Emphasis supplied).

Indeed, Petitioner's motion to continue the case merely reiterates the allegations presented in the original petition and already considered by this Court in its order concluding that Petitioner's claims were outside the Court's habeas corpus jurisdiction. Petitioner's motion provides no further or additional basis on which to reconsider dismissal of the petition and entry of judgment. In sum, Petitioner has provided no evidence or circumstances that would satisfy the requirements of Rule 60(b), and therefore his motion for reconsideration must be denied.

Moreover, because of the Court's ruling herein, Petitioner's motion to proceed in forma pauperis is moot and will be disregarded.

3

## **ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1.  Petitioner's motion to continue the case (Doc. 9), which the Court construes as a motion for reconsideration, is DENIED; and,

2.  Petitioner's motion to proceed in forma pauperis (Doc. 10), is DISREGARDED as MOOT.

IT IS SO ORDERED.

Dated:  April 26, 2013

_____
SENIOR  DISTRICT  JUDGE

4